

125 Broad Street, 19th Floor
New York, NY  10004
212.607.3300
212.607.3318
www.nyclu.org

Christopher Dunn
Associate Legal Director
cdunn@nyclu.org

BY ECF

November 12, 2013

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
 for the Second Circuit
40 Foley Square
New York, N.Y.  10007

Re: *Ligon v. City of New York*, 13-3123-cv

Dear Ms. Wolfe:

On behalf of the plaintiffs-appellees in this matter, I write concerning scheduling of the various motions now pending before the Court in this case and in *Floyd v. City of New York*, 13-3088.  The *Ligon* plaintiffs-appellees respectfully request the following:

<u>Motions Seeking *En Banc* Review of Panel Ruling</u>- We understand that the Court has directed the City to respond to the three *en banc* motions (from *Ligon* plaintiffs, *Floyd* plaintiffs, and Judge Scheindlin) by 2:00 p.m. tomorrow.  The *Ligon* plaintiffs ask that they be allowed to file a reply and to do so by 2:00 p.m. on Friday, November 15.

<u>City Motion to Vacate</u>- We understand this motion is currently on a regular motion track.  The *Ligon* plaintiffs believe that this motion should be deferred and rolled into the schedule for the pending merits appeal, as the City's motion at bottom simply presents another argument in support of its appeal.  Absent that, the motion should be put on hold pending resolution of the *en banc* motions and any proceedings that may arise from those motions, since the City's motion may become moot if the panel's misconduct finding is vacated.

Finally, even if the Court were to decide that the City should be able to proceed with its motion to vacate, the *Ligon* plaintiffs seek at least 60 days from the date the *en banc* motions are finally resolved to respond to the motion to vacate.  This time period is appropriate because the plaintiffs anticipate arguing, amongst other things, that any alleged misconduct by the District Court judge in *Floyd* is harmless error for purposes of *Ligon* when one examines the full preliminary injunction record and decision *Ligon*.  Thus, a response to the City's motion would effectively involve the same amount of work as would a normal merits brief and 60 days for such is appropriate given the record and 150-page District Court ruling.

<u>Unions' Motion to Intervene</u>- The plaintiffs understand that this motion is on a regular motion track, which would have our response due on Wednesday, November 20.  We understand, however, that another union (the Sergeants' Benevolent Association) may be filing a similar motion in the next day or so and thus request that the Court direct that responses to all the intervention motions be consolidated and due thirteen days (the normal 10 plus 3 days) after service of the anticipated SBA motion.

>                                    Respectfully submitted,
>
>                                    /s/ *Christopher Dunn*
>
>                                    Christopher Dunn

c:   All Counsel