
Dechert
LLP

1095 Avenue of the Americas  
New York, NY 10036-6797  
+1 212 698 3500 Main  
+1 212 698 3599 Fax  
www.dechert.com

STEVEN A. ENGEL

steven.engel@dechert.com  
+1 212 698 3693 Direct  
+1 212 698 3599 Fax

November 12, 2013

**VIA ECF**

Catherine O'Hagan Wolfe  
Clerk of the Court  
United States Court of Appeals for the Second Circuit  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, New York 10007

Re:   *Floyd v. City of New York*, No. 13-3088  
      *Ligon v. City of New York*, No. 13-3123

Dear Ms. Wolfe:

I write on behalf of the Police Intervenors and in response to the *Floyd* Plaintiffs and the *Ligon* Plaintiffs' November 12 letters. Plaintiffs ask the Court to give them additional time to respond to the Police Intervenors' Motion to Intervene, which was filed on the morning of November 7 (Docket Nos. 252 (*Floyd*), 178 (*Ligon*)). The Police Intervenors object to the requested extensions.

As a threshold matter, both letters contravene Circuit Rule 27.1(b), because neither Plaintiff solicited the Police Intervenors' views prior to filing the request for an extension. At the same time, the *Floyd* and *Ligon* Plaintiffs disagree on the current due date for their opposition. *Floyd* states that the due date is November 18; *Ligon* states that it is November 20. The Police Intervenors believe that the *Ligon* Plaintiffs are correct, and the oppositions are currently due on November 20. *See* Fed. R. App. P. 26(c); 27(a)(3)(A).

In view of the pace of this litigation, the 13 days that Plaintiffs already have would appear to be more than enough time to prepare an opposition to the pending motion. Indeed, if the Court is to take any action at all, it should be to expedite the briefing. The parties here have already completed a full round of briefing regarding intervention in the District Court, and the Police Intervenors filed their motion in this Court on the morning of November 7, within seven days of this Court's order staying proceedings in the district court.

Plaintiffs' sole reason for requesting more time is that they anticipate that the Sergeants Benevolent Association (the "SBA") will file a separate motion to intervene, and that they would



Catherine O'Hagan Wolfe
November 12, 2013
Page 2

like 10 or 13 more days to prepare a coordinated opposition.[1] The SBA's second motion to intervene, if and when it is filed, is unlikely to contain any new or unforeseen arguments. If Plaintiffs wish to file a single opposition, then they may respond to both on November 20.

The Police Intervenors have an interest in having their motion decided as expeditiously as possible, so that if legally justified, they may begin to participate as appellants. As the Court is aware, the events in this appeal are moving quickly. Five motions or requests for relief have been filed in each of these cases in this last week, not counting Plaintiffs' most recent requests for more time. In order to ensure the expeditious resolution of these matters, the Court appropriately requested on November 8 that the City and its *amici* file oppositions to petitions for rehearing by November 13, even though the *Floyd* Plaintiffs did not even file their petition until November 11.

Given the pace of events, holding Plaintiffs to the ordinary schedule on the Police Intervenors' motion to intervene is entirely reasonable and appropriate.

Respectfully submitted,

Steven A. Engel

CC:    All counsel of record (via ECF)

---

[1] The SBA does not seek to intervene in *Ligon*. Therefore, it is not clear why the filing of the SBA's motion in *Floyd* should have any bearing on the briefing schedule for *Ligon*.

15087576