

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**STEVEN A. ENGEL**

steven.engel@dechert.com
+1 212 698 3693 Direct
+1 212 698 3599 Fax

December 30, 2013

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:　*Floyd v. City of New York*, No. 13-3088
　　*Ligon v. City of New York*, No. 13-3123

Dear Ms. Wolfe:

I write on behalf of the Police Intervenors to advise the Court of recent developments in these matters. I respectfully request that this letter be forwarded to the panel assigned to them.

At a press conference yesterday, Mayor-Elect Bill de Blasio stated that he intends to withdraw these appeals after he assumes office on January 1, 2014. Mr. de Blasio stated, "[w]e will drop the appeal on the stop-and-frisk case because we think the judge was right about the reforms that we need to make." Annie Coreal, *De Blasio Names City's Top Lawyer, Appearing to Signal a Further Shift in Policy*, N.Y. Times, Dec. 29, 2013.

On November 7, 2013, the Police Intervenors moved to intervene as party appellants. *See* Docket Nos. 252 (*Floyd*), 178 (*Ligon*). Those motions have been fully briefed and are now pending before the Court. On November 25, 2013, the Court ordered that the motions to intervene be "held in abeyance pending further order of the Court." *See* Docket Nos. 338 (*Floyd*), 242 (*Ligon*). The Court stated that the purpose of the order was "[t]o maintain and facilitate the possibility that the parties might request the opportunity to return to the District Court for the purpose of exploring a resolution." *Id.* Mr. de Blasio now has made clear that the City, under his administration, does not intend to "explor[e] a resolution" below, but rather to drop the appeal because he believes that the district court's extraordinarily overbroad injunction was legally justified.



Catherine O'Hagan Wolfe
December 30, 2013
Page 2

In view of the statements by the Mayor-Elect, the Police Intervenors respectfully request that the Court rule on the pending motions to intervene in advance of any request by the City to dismiss the appeal. Should the Police Intervenors' motions to intervene be granted, the Police Intervenors would be entitled to file their own opening briefs on the schedule set by the Court, by January 24, 2014, and to prosecute the appeal in the absence of the City.

The new Mayor may pursue whatever police policies he deems wise and expedient, so long as he does so lawfully and consistently with the rights of the police unions. Given the pending motions to intervene, however, the new Mayor should not be permitted to hand control over the NYPD to the federal courts or to prevent this Court from reviewing the demonstrably erroneous decisions below. Pursuant to a series of irregular proceedings, including a "trial" that purported to review millions of discrete and individual actions, the district court entered findings that unfairly besmirched the reputations of the men and women of the NYPD, imposed dramatically overbroad reforms, and contemplated an unwarranted period of indefinite federal supervision.

For these reasons, and for the reasons stated in the motion papers, the Police Intervenors respectfully request that they be given the opportunity to prosecute the appeal to its completion.

Respectfully submitted,

*Steven Engel*/EW

Steven A. Engel

CC:  All counsel of record (via ECF)

15121702