RECEIVED
2014 JAN 21 AM 9:18
CLERK'S OFFICE
U.S. COURT OF APPEALS

13-3123, 13-3088

**ERRATA** for *Ligon v. City of New York*, 736 F.3d 231 (2d Cir. 2013)

| **Page** | **Line** | **Delete** | **Insert** |
|---|---|---|---|
| 231 | caption | party names | replace with caption on page titled "Attachment p. 1" |
| 231 | Holding | The Court of Appeals held . . . to oppose City's motion to vacate. | The Court of Appeals held that (1) City's motion to vacate was moot, and (2) disqualified District Judge was not entitled to appear in order to oppose motion to vacate. |

Copies have been sent by chambers to:

__X__ Panel Members
__X__ West Publishing
__X__ Clerk

So ordered:

*[signature]*

José A. Cabranes
U.S. Circuit Judge
Jan. 20, 2014

Page 1 of 1

ATTACHMENT P. 1
ERRATA FOR 736 F.3d 231 (2d Cir. 2013)

Jaenean Ligon, individually and on behalf of her minor son, J.G.,
Fawn Bracy, individually and on behalf of her minor son, W.B.,
Jacqueline Yates, individually and on behalf of a class of all others
similarly situated, Letitia Ledan, individually and on behalf of a class
of all others similarly situated, Roshea Johnson, individually and on
behalf of a class of all others similarly situated, Kieron Johnson,
individually and on behalf of a class of all others similarly situated,
Jovan Jefferson, individually and on behalf of a class of all others
similarly situated, A.O., by his parent Dinah Adames, Abdullah
Turner, individually and on behalf of a class of all others similarly
situated, Fernando Moronta, individually and on behalf of a class of
all others similarly situated, Charles Bradley, individually and on
behalf of a class of all others similarly situated,
*Plaintiffs-Appellees*,

- v. -

City of New York, Raymond W. Kelly, Commissioner of the New
York City Police Department, Police Officer Johnny Blasini, Police
Officer Gregory Lomangino, Police Officer Joseph Koch, Police
Officer Kieron Ramdeen, Joseph Bermudez, Police Officer Miguel
Santiago, Police Officers John Does, 1-12,
*Defendants-Appellants*,

Captains' Endowment Association of New York, Detectives
Endowment Association, Police Department, City of New York,
Inc., Lieutenants Benevolent Association of the City of New York,
Inc., Patrolmen's Benevolent Association of the City of New York,
Inc.,
*Proposed Intervenors-Appellants*.

---

David Floyd, Lalit Clarkson, Deon Dennis, David Ourlicht,
Individually and on behalf of all others similarly situated,
*Plaintiffs-Appellees*,

- v. -

City of New York,
*Defendant-Appellant*,

Sergeants Benevolent Association,
*Proposed Intervenor-Appellant*,

New York City Police Officer Rodriguez, in his official capacity,
New York City Police Officer Goodman, in his official capacity, New
York City Police Officer Salmerson, Shield #7116, in her official
capacity, New York City Police Officer Pichardo, Shield #00794, in
his official capacity, New York City Police Sergeant Kelly, Shield
#92145, in his individual capacity, New York City Police Officer
Joyce, Shield #31274, in his individual capacity, New York Police
Officer Moran, in his individual capacity, New York City Police
Officers John and Jane Does, New York City Police Officer
Hernandez, Shield #15957, in his individual capacity, Michael
Bloomberg, Mayor in his official capacity and individually, Raymond
Kelly, Commissioner New York City Police, in his individual and
official capacity,
*Defendants.*

JAN.21.2014 Case: 13-3123  Document: 270  Page: 3  01/21/2014  1137853  4
#4508 P.003/004

case until Morris eventual[ly] ...nd stipulated to entry of jud[gment]...

...t decision in *Doyle v. Midl[and] ...gement, Inc.*, 722 F.3d 78, 8[...] ...13), is not to the contrary. ...eld that an offer of judgm[ent] ...atisfied a claim under [...] ...d not conform to the for[m] ...s of Rule 68 in order to moo[t] ...ion. In *Doyle*, however, [...] ...ffered judgment, rather th[an] ...ithout judgment, resolving [...] ...spute and leaving no co[n]... ...ture and form" of settlem[ent] ...nation from the formal at[...] ...e 68 offer was that the de[...] ...e made its offer orally. [...] ...that an offer of judgment [...] ...the technical procedura[l] ...f Rule 68 is neverthele[ss] ...nent is not equivalent to [...] ...ffer of an informal settlem[ent] ...ment is equivalent to a [...] ...igment.

*...d Ethical Violations*

...s contends that various ...lapses by Faulkner in de[...] ...provide a further reaso[n] ...y's fees. We note tha[t] ...made no finding of an e[...] ...we need not discuss th[e] ...ged lapses to reject M[...]

...e in not inconsistent w[ith] ...we need not address w[...] ...t with *McCauley*, which [...] *Doyle* court. It is suffi[cient] ...to note that in all of the [...] ...urt has even consider[ed]... ...or treating a non-co[...] ...ying Rule 68, the argu[...] ...on the offer, or entry, o[r]... ...of plaintiff, something [...] ...refused to tender until [...] ...on had already been [...]

...e argument. Any alleged dereliction by ...aulkner has no bearing on the reason...bleness of the fees awarded here because ...(1) attorney's fees in an FDCPA action are ...warded to the prevailing party, not to his ...r her attorney, 15 U.S.C. § 1692k(a)(3); ...the proper forum for resolving the par...es' dispute regarding whether Faulkner ...had an obligation to communicate defen...ants' earlier settlement offers to Cabala, ...and whether her alleged failure to do so ...as inappropriately self-interested, is an ...attorney disciplinary proceeding or a pro...eeding pursuant to 28 U.S.C. § 1927, not ...s fee litigation; and (3) we identify no ...error in the district court's factual deter...mination that Faulkner's fees were reason...ble for the work performed. We there...fore find no abuse of discretion in the ...istrict court's conclusion that allegations ...f unethical behavior by Faulkner do not ...preclude the award of fees to Cabala.

## CONCLUSION

...Because Morris's initial offer to settle ...did not include an offer of judgment, it did ...not fully resolve the dispute between the ...arties, and thus further litigation by Ca...bala was not *per se* unreasonable. We find ...no abuse of discretion in the district ...ourt's award of full attorney's fees to the ...laintiff. Accordingly, the judgment of the ...district court is AFFIRMED.



...aemean LIGON, et al., Plaintiffs-
                Appellants,

                     v.

CITY OF NEW YORK, et al.,
        Defendants-Appellees.

*Replace with party names from "Attachment p. 1"*

David Floyd, et al., Plaintiffs-
              Appellees,

                   v.

City of New York, Defendant-
             Appellant,

Sergeants Benevolent Association,
      Proposed Intervenor-
             Appellant,

New York City Police Officer Rod-
  riguez, in his official capacity,
       et al., Defendants.

Docket Nos. 13–3123–cv, 13–3088–cv.

United States Court of Appeals,
         Second Circuit.

            Nov. 22, 2013.

**Background:** African-American and Latino residents filed § 1983 actions in the United States District Court for the Southern District of New York alleging that city police department's stop and frisk policy violated their constitutional rights. City moved to vacate prior orders, and District Judge who had been sua sponte disqualified for appearance of partiality, through counsel, moved to appear in order to oppose City's motions.

**Holding:** The Court of Appeals held that disqualified District Judge was not entitled to appear before appellate court in order to oppose City's motions to vacate.

Motions denied.

*Replace*

**Judges ⇐ 56**

District judge who had been disqualified from civil rights cases due to appearance of partiality was not entitled to appear before appellate court in order to oppose City's motions to vacate.

*Replace with party names from "Attachment p. 1"*