RECEIVED
2014 JAN 21 AM 9:18
U.S. CLERK'S OFFICE
U.S. COURT OF APPEALS

13-3123, 13-3088

**ERRATA** for *In Re Motion of District Judge*, 736 F.3d 166 (2d Cir. 2013)

| Page | Line | Delete | Insert |
|---|---|---|---|
| 166 | caption | party names | replace with caption on page titled "Attachment p. 1" |
| 167 | Column 2, line 29 | From "Alexis B. Karteron" to "Defendants-Appellants" on p. 168, column 1, line 2. | add text listing parties' counsel, from page titled "Attachment p. 2" |
| 168 | col. 2, l. 24-25 | sto-<br>pand-frisks. | stop-<br>and-frisks. |
| 169 | col. 2, l. 5 | no finding but *solely* pursuant | no finding—but *solely* pursuant |
| 169 | col. 2, l. 8-9 | [her-<br>]self | [her]-<br>self |
| 170 | note 8, l. 27 | tions such as those contemplated | tions, such as those contemplated |

Copies have been sent by chambers to:

\_\_X\_\_  Panel Members
\_\_X\_\_  West Publishing
\_\_X\_\_  Clerk

So ordered:

*[signature]*

José A. Cabranes
U.S. Circuit Judge
Jan. 20, 2014

ATTACHMENT P. 1
ERRATA FOR 736 F.3D 166 (2d Cir. 2013)

### In Re Motion of District Judge

Jaenean Ligon, individually and on behalf of her minor son, J.G.,
Fawn Bracy, individually and on behalf of her minor son, W.B.,
Jacqueline Yates, individually and on behalf of a class of all others
similarly situated, Letitia Ledan, individually and on behalf of a class
of all others similarly situated, Roshea Johnson, individually and on
behalf of a class of all others similarly situated, Kieron Johnson,
individually and on behalf of a class of all others similarly situated,
Jovan Jefferson, individually and on behalf of a class of all others
similarly situated, A.O., by his parent Dinah Adames, Abdullah
Turner, individually and on behalf of a class of all others similarly
situated, Fernando Moronta, individually and on behalf of a class of
all others similarly situated, Charles Bradley, individually and on
behalf of a class of all others similarly situated,
*Plaintiffs-Appellees*,

- v. -

City of New York, Raymond W. Kelly, Commissioner of the New
York City Police Department, Police Officer Johnny Blasini, Police
Officer Gregory Lomangino, Police Officer Joseph Koch, Police
Officer Kieron Ramdeen, Joseph Bermudez, Police Officer Miguel
Santiago, Police Officers John Does, 1-12,
*Defendants-Appellants*,

Captains' Endowment Association of New York, Detectives
Endowment Association, Police Department, City of New York,
Inc., Lieutenants Benevolent Association of the City of New York,
Inc., Patrolmen's Benevolent Association of the City of New York,
Inc.,
*Proposed Intervenors-Appellants.*

---

David Floyd, Lalit Clarkson, Deon Dennis, David Ourlicht,
Individually and on behalf of all others similarly situated,
*Plaintiffs-Appellees*,

- v. -

City of New York,
*Defendant-Appellant,*

Sergeants Benevolent Association,
*Proposed Intervenor-Appellant,*

New York City Police Officer Rodriguez, in his official capacity, New York City Police Officer Goodman, in his official capacity, New York City Police Officer Salmerson, Shield #7116, in her official capacity, New York City Police Officer Pichardo, Shield #00794, in his official capacity, New York City Police Sergeant Kelly, Shield #92145, in his individual capacity, New York City Police Officer Joyce, Shield #31274, in his individual capacity, New York Police Officer Moran, in his individual capacity, New York City Police Officers John and Jane Does, New York City Police Officer Hernandez, Shield #15957, in his individual capacity, Michael Bloomberg, Mayor in his official capacity and individually, Raymond Kelly, Commissioner New York City Police, in his individual and official capacity,
*Defendants.*

ATTACHMENT P. 2
ERRATA FOR 736 F.3d 166 (2d Cir. 2013)

Alex B. Karteron, Christopher Thomas Dunn, Daniel Mullkoff, New York Civil Liberties Union, New York, NY; Juan Cartagena, Roberto Concepcion, Jr., Latino Justice, New York, NY; Michael Grunfel, John A. Nathanson, Jeffrey J. Resetarits, Shearman & Sterling LLP, New York, NY; Mariana Louise Kovel, The Bronx Defenders, New York, NY; J. McGregor Smyth, New York Lawyers for the Public Interest, New York NY, *for Jaenean Ligon, et al.*

Darius Charney, Sunita Patel, Center for Constitutional Rights, New York, NY; Jennifer Rolnick Borchetta, Jonathan Clifford Moore, Beldock Levine & Hoffman LLP, New York, NY; Eric Hellerman, Kasey Lynn Martini, Covington & Burling LLP, New York, NY, *for David Floyd, et al.*

Celeste L. Koeleveld, Deborah A. Brenner, Kathy H. Chang, Heidi Grossman, Fay Sue Ng, New York City Law Department, Michael A. Cardozo, Corporation Counsel, New York, NY, *for City of New York, et al.*

Anthony P. Coles, Courtney Gilligan Saleski, DLA Piper, Philadelphia, PA, New York, NY, *for Sergeants Benevolent Association.*

Steven A. Engel, Dechert LLP, Washington, D.C., Elisa Wiygul, Dechert LLP, Philadelphia, PA, *for Captains' Endowment Association of New York, Detectives Endowment Association, Police Department, City of New York, Inc., Lieutenants Benevolent Association of the City of New York, Inc., Patrolmen's Benevolent Association of the City of New York, Inc.*

Burt Neuborne, *for Movant Shira A. Scheindlin.*

**166**  **736 FEDERAL REPORTER, 3d SERIES**

### APPENDIX E—Continued

exercise. Otherwise, I'm a great reader. I love audio books."

She said she's at the courthouse most days from 10 a.m. to 8 p.m., "really living here." She also works all weekend and requires her clerks to work one weekend day.

"This is sort of my home away from home," she said.

@ | Mark Hamblett can be contacted at mhamblett@alm.com.

Copyright 2013. ALM Media Properties, LLC. All rights reserved.



---

### In re MOTION OF DISTRICT JUDGE.

Jaenean Ligon, et al., Plaintiffs–Appellees,

v.

City of New York, et al., Defendants–Appellants.

David Floyd, et al., Plaintiffs–Appellees,

v.

City of New York, et al., Defendants–Appellants.

Nos. 13–3123, 13–3088.

United States Court of Appeals, Second Circuit.

Nov. 13, 2013.

**Background:** African–American and Latino residents filed § 1983 actions in the United States District Court for the Southern District of New York alleging that city police department's stop and frisk policy violated their constitutional rights. District Judge, through counsel, moved to app[ear] and seek reconsideration of Court of [Ap]peals' order of reassignment.

**Holdings:** The Court of Appeals held t[hat]

(1) judge had no standing to protest r[eas]signment of cases;

(2) rules governing motions and am[icus] curiae briefs did not provide proce[dur]al predicate for motion;

(3) Due-Process Clause was inappli[cable;] and

(4) rule governing writs of mandamu[s,] prohibition, and other extraord[inary] writs, did not provide procedural p[redi]cate for motion.

Motion denied.

---

**1. Courts ⚖=70**

**Federal Courts ⚖=951.1**

District judge who was sua [sponte] disqualified in civil rights actions [for] appearance of partiality had no stan[ding to] protest appellate court's reassign[ment of] cases; judge had no legal interest i[n cases] or their outcome, and, consequent[ly, suf]fered no legal injury by reassignm[ent.] U.S.C.A. § 455(a).

**2. Amicus Curiae ⚖=1**

**Federal Courts ⚖=951.1**

Federal appellate procedur[e rules] governing motions and amicus briefs were general provisions th[at did not] provide procedural predicate for judge's unprecedented motion t[o appear] before appellate court in support[ claim]ing authority over civil rights ca[ses that] had been reassigned due to appe[arance of] partiality. 28 U.S.C.A. F.R.A.P.Rules 27, 29, 28 U.S.C.A.

[handwritten margin note: "Replace with party names from 'Attachment' P. 1 –"]

their constitutional rights. District, through counsel, moved to appeal seek reconsideration of Court of Appeals order of reassignment.

*Holdings:* The Court of Appeals held that:

judge had no standing to protest reassignment of cases;

rules governing motions and amicus curiae briefs did not provide procedural predicate for motion;

Due Process Clause was inapplicable;

rules governing writs of mandamus, prohibition, and other extraordinary writs did not provide procedural predicate for motion.

*Denied.*

**1. Courts ⟐70**
**Federal Courts ⟐951.1**

District judge who was sua sponte reassigned in civil rights actions due to appearance of partiality had no standing to challenge appellate court's reassignment because had no legal interest in outcome, and, consequently, no legal injury by reassignment. 28 U.S.C.A. § 455(a).

**2. Amicus Curiae ⟐1**
**Courts ⟐951.1**

Federal appellate procedural rules governing motions and amicus curiae general provisions that provide procedural predicate for unprecedented motion to appear before appellate court in support of retaining authority over civil rights cases reassigned due to appearance of partiality. 28 U.S.C.A. Rules 27, 29, 28 U.S.C.A.

**3. Courts ⟐70**
**Federal Courts ⟐951.1**

Due Process Clause was inapplicable to district judge's motion to appear before appellate court in support of retaining authority over civil rights cases which had been reassigned due to appearance of partiality, since reassignment of cases was not legal injury to judge, and appellate court made no finding of judicial misconduct that judge might have right to contest. U.S.C.A. Const.Amend. 5; 28 U.S.C.A. § 455(a).

**4. Constitutional Law ⟐2051**
**Judges ⟐49(1)**
**United States Magistrates ⟐12.1**

Freedom of speech protected by First Amendment does not mean that there can be no limitations such as those contemplated under statute providing that any justice, judge, or magistrate judge of the United States shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned, much less where she can say it, especially as it relates to pending litigation. U.S.C.A. Const.Amend. 1; 28 U.S.C.A. § 455(a).

**5. Courts ⟐207.1**
**Federal Courts ⟐951.1**
**Mandamus ⟐29**
**Prohibition ⟐5(2)**

Federal appellate procedural rule governing writs of mandamus and prohibition, and other extraordinary writs, did not provide procedural predicate for district judge's unprecedented motion to appear before appellate court in support of retaining authority over civil rights cases which had been reassigned due to appearance of partiality, since there had been no petition for writ of mandamus or any other type of extraordinary writ in proceedings. 28 U.S.C.A. § 455(a); F.R.A.P.Rule 21(b)(4), 28 U.S.C.A.

**6. Amicus Curiae ⟐1**
**Federal Courts ⟐545.1, 546**

Outside context of writ of mandamus, it is procedurally improper for district judge to enter appearance in appeal of her own decisions, whether as party, intervenor, or amicus. F.R.A.P.Rule 21, 28 U.S.C.A.

**7. Courts ⟐70**
**Federal Courts ⟐951.1**

While district judge may believe that he or she has expended great deal of effort and energy on case, only to see it reassigned due to appearance of partiality, reassignment is not legal injury to district judge, for standing purposes; rather, reassignment allows courts to ensure that cases are decided by judges without even appearance of partiality. 28 U.S.C.A. § 455(a).

**8. Courts ⟐70**

"Reassignment" is ordinary tool used in judicial system to maintain and promote appearance of impartiality across federal courts. 28 U.S.C.A. § 455(a).

See publication Words and Phrases for other judicial constructions and definitions.

Alexis B. Karteron, Esq., Christopher Thomas Dunn, Daniel Mullkoff, Esq., New York Civil Liberties Union, Juan Cartagena, Esq., Roberto Concepcion, Jr., Esq., Latino Justice PrIdef, Michael Grunfeld, Esq., John A. Nathanson, Esq., Jeffrey J. Resetarits, Esq., Shearman & Sterling Llp, J. McGregor Smyth, Jr., Esq., New York Lawyers for the Public Interest, New York, NY, Mariana Louise Kovel, Esq., The Bronx Defenders, Bronx, NY, for Plaintiffs–Appellees.

Celeste L. Koeleveld, Deborah A. Brenner, Kathy H. Chang, Esq., Heidi Grossman, Fay Sue Ng, New York City Law

Department, New York, NY, for Defendants-Appellants.

Present: JOHN M. WALKER, JR., JOSÉ A. CABRANES, and BARRINGTON D. PARKER, Circuit Judges.

PER CURIAM.

These cases, motions of which were argued in tandem and decided on October 31, 2013, and which concern the so-called "stop-and-frisk" policies of the New York City Police Department, have, quite apart from the underlying merits, raised a number of unusual procedural issues. In a separate opinion published contemporaneously with this one, we explain the basis of our prior, brief order reassigning these cases from Judge Shira A. Scheindlin to a new district judge of the United States District Court for the Southern District of New York, to be chosen randomly. In this opinion, we address the unprecedented motion filed by Judge Scheindlin herself, through counsel, to appear and seek reconsideration of our order of reassignment. The motion, submitted substantially in the form of a brief in favor of reconsideration, presents the threshold question whether, in the circumstances presented, a district judge may participate as a party, as an intervenor, or as an *amicus curiae* in an appeal of her decisions. For the reasons set forth below, we DENY Judge Scheindlin's motion to appear in this Court in support of retaining authority over these cases.

1. In this section, we recite only the facts directly relevant to this opinion. A more complete history of these cases may be found in our separate opinion published today, addressing the merits of reassigning the cases to a new district judge.

BACKGROUND[1]

These cases deal with the constitutionality of certain practices of the New York City Police Department ("NYPD"). The practices—and these cases themselves—present issues of prominent public concern and have attracted intense scrutiny in the media. On August 12, 2013, following a nine-week trial in *Floyd v. City of New York*, Judge Scheindlin held that the City of New York (the "City") violated the Fourth and Fourteenth Amendments by acting with deliberate indifference toward the NYPD's practice of unconstitutional stops and unconstitutional frisks, and by adopting a policy of "indirect racial profiling" that targeted racially defined groups for "stops-and-frisks."[2] Judge Scheindlin also ordered an array of injunctive remedies, including but not limited to the appointment of a monitor, the institution of a program requiring certain officers to wear cameras on their persons, and the amendment of the forms used to document stop-and-frisks.[3]

After some delay, the City sought, in the District Court, to stay those remedies until a decision on the merits had been reached by the Court of Appeals in the normal course. Judge Scheindlin denied that motion and, as is the normal practice, the City renewed its request for a stay in this Court. We held extended oral argument and, on October 31, 2013, granted the motion for a stay during the pendency of the appeals and, based on the record of the proceedings in the District Court and Judge Scheindlin's participation in media interviews, reassigned the cases to a dif-

2. *See Floyd v. City of New York*, —— F.Supp. ——, No. 08-cv-1034, 2013 WL 4046209, *7 (S.D.N.Y. Aug. 12, 2013).

3. *See Floyd v. City of New York*, —— F.Supp. ——, Nos. 08-cv-1034, 12-cv-2274, 2013 WL 4046217 (S.D.N.Y. Aug. 12, 2013).

**BACKGROUND**[1]

...ses deal with the constitutional
...ir practices of the New Yor[k]
... Department ("NYPD"). T[he]
...and these cases themselves
...ues of prominent public conce[rn]
...ttracted intense scrutiny in [the]
...n August 12, 2013, following
...trial in *Floyd v. City of N*[ew York]
...e Scheindlin held that the C[ity]
...ork (the "City") violated [the]
...d Fourteenth Amendments
... deliberate indifference towa[rd]
...y's practice of unconstitutio[nal]
...unconstitutional frisks and [its]
...policy of "indirect racial pr[ofiling]
...argeted racially defined gr[oups]
...and-frisks."[2] Judge Schein[dlin ordered]
...ed an array of injunctive r[elief includ]-
...ding but not limited to the [appointment]
...of a monitor, the institution [of a pilot program]
...equiring certain officers to [wear cameras]
... their persons, and the am[endment of]
...e forms used to document [stops].[3]

...me delay, the City sought, [in the District]
...urt, to stay those remedies [while its appeal]
... on the merits had been re[solved. The]
...urt of Appeals in the m[eantime. When]
...idge Scheindlin denied th[e request for a]
...as is the normal practic[e of this Court,]
...ed its request for a stay [in this Court, we]
...e held extended oral arg[ument on Oc]-
...tober 31, 2013, granted th[e City's motion to]
...stay during the pendency [of the appeals.]
...id, based on the record [before us and]
...n in the District Cou[rt, that Judge]
...eindlin's participation in [the cases con]-
...reassigned the cases to [a different]

...d v. *City of New York*, — F.[Supp.2d —,]
...08-cv-1034, 2013 WL 404[...]
...Y. Aug. 12, 2013).
...d v. *City of New York*, — F.[Supp.2d —,]
...08-cv-1034, 12-cv-2274, [2013 WL ...]
...S.D.N.Y. Aug. 12, 2013).

...ent district judge, to be chosen random-
...in order to avoid the appearance of
...rtiality.[4]

On November 8, 2013, Judge Scheindlin
moved in this court, through counsel, for
leave in the nature of an order under
Rule 21(b)(4) of the Federal Rules of Appellate
Procedure governing mandamus
proceedings providing for appellate review
of motions for judicial disqualification pursuant
to 28 U.S.C. § 455, authorizing counsel
to appear on behalf of the District
Judge in order to address the factual and
legal sufficiency of the Motion Panel's *sua
sponte* order of removal."[5] On November
9, 2013, Judge Scheindlin's counsel, now
styling himself as *amicus curiae* on her
behalf, filed a letter urging us to vacate
our order of reassignment "to terminate a
dispute that is distracting attention from
the underlying merits."[6]

## DISCUSSION

[1] We conclude that Judge Scheindlin's motion lacks a procedural basis. As explained more fully in our separate opinion concerning the merits of the order of

---

See *Floyd v. City of New York*, No. 13-3088,
Dkt. 247; *Ligon v. City of New York*, No. 13-3123, Dkt. 174.

Scheindlin Mot., for Leave to Appear re:
Order of Removal, at 2. Attorney Burt Neuborne
is the only person to have actually
entered an appearance on Judge Scheindlin's
behalf. See Local Rule 12.3(b) ("An attorney,
other than the initial counsel of record, who
appears in a case in any capacity on behalf of
a party or an amicus curiae must file the
Notice of Appearance Form for Substitute,
Additional, or Amicus Counsel at the time the
attorney enters the case."). We do observe,
however, that, pursuant to Local Rule 29.1(a),
we ordinarily will deny leave to file an amicus
brief when, by reason of a relationship
between a judge assigned to hear the proceeding
and the amicus curiae or its counsel, the
filing of the brief might cause the recusal of
a judge. Mr. Neuborne labors under no
such disability.

reassignment, the cases were reassigned
not because of any judicial misconduct or
ethical lapse on the part of Judge Scheindlin—as
to which we have expressly made
no finding but *solely* pursuant to 28 U.S.C.
§ 455(a). Section 455(a) provides that
"[a]ny justice, judge, or magistrate judge
of the United States shall disqualify [her]-
self in any proceeding in which [her] impartiality
might reasonably be questioned."
We know of no procedural mechanism that
might permit a district judge to come before
us and argue on her own behalf in
these circumstances, nor has Judge
Scheindlin identified one.

[2–4] Indeed, we note in the motion
itself some inconsistency in its theory of
Judge Scheindlin's relationship to the proceedings
in this Court. The motion requests
leave for her lawyers "to appear
either as counsel to the District Judge, or
as *amici curiae* on her behalf."[7] Additionally,
the motion purports to seek relief
"*in the nature of* an order under Rule
21(b)(4) of the Federal Rules of Appellate
Procedure."[8] This locution is notable be-

---

6. See Note 14, *post*, for the full text of this letter.

7. Scheindlin Mot., at ¶ 46.

8. *Id.* at 2 (emphasis added). Judge Scheindlin
asserts several other legal bases for her
motion, none of which in our view supports,
or even suggests, a district judge's right to
formally contest reassignment. In addition to
Rule 21, her motion "is brought pursuant to
Rules ... 27, and 29 of the Federal Rules of
Appellate Procedure; 28 U.S.C. § 2106; 28
U.S.C. § 1651 (the All Writs Act); and the
First and Fifth Amendments to the Constitution
of the United States." Scheindlin Mot.
at 2. Rule 27 (governing "Motions") and Rule
29 (governing "Brief of an Amicus Curiae")
are general provisions that do not provide a
procedural predicate for her unprecedented
motion. Similarly, Section 2106 of Title 28,
entitled "Determination," states that "[t]he
Supreme Court or any other court of appel-

**170**      **736 FEDERAL REPORTER, 3d SERIES**

cause. Rule 21 governs "Writs of Mandamus and Prohibition, and Other Extraordinary Writs," and provides that the "trial-court judge may request permission to address the petition [for mandamus] but may not do so unless invited or ordered to do so by the court of appeals."[9]

[5, 6] Rule 21, however, does not apply to these proceedings because there has been no petition for a writ of mandamus or any other type of extraordinary writ in these cases. The Supreme Court has long instructed that the writ of mandamus is "a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'"[10] No writ of mandamus is involved in this late jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review; and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." While this provision establishes what an appellate court may do, it does not speak to a district judge's role in that process. The All Writs Act gives courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Although we have recognized numerous injunctions and orders of a district court appropriately authorized under the All Writs Act, we are aware of no precedent that establishes a district judge's right to join an ongoing proceeding by formally contesting an appellate court's order of reassignment. Finally, the constitutional amendments on which she relies are also inapplicable. The freedom of speech protected by the First Amendment does not mean that there can be no limitations, such as those contemplated under section 455(a), on what a federal judge may say, much less on where she can say it, especially as it relates to pending litigation. As discussed in our accompanying opinion, numerous courts of appeals have reassigned cases due to an appearance of partiality that was traceable to speech by a district judge. Similarly, the Due Process Clause of the Fifth Amendment is inapplicable in these circumstances, because reassignment of a case is not

appeal. We have not issued an extraordinary writ to the district judge, nor is the a petition for a writ directed to us. this reason, the case presented here quite unlike those in which other dist judges have appeared before this co pursuant to specific statutory authori Outside of the context of a writ of mamus, it is procedurally improper for a trict Judge to enter an appearance appeal of her own decisions, whether party, intervenor, or *amicus*.

[7] We know of no precedent sug ing that a district judge has standin fore an appellate court to protest reas ment of a case.[12] While a district

a legal injury to the district judge, have made no finding of judicial misco that a judge might have the right to

9. Fed. R.App. P. 21(b)(4).

10. *Cheney v. U.S. Dist. Court for D* U.S. 367, 380, 124 S.Ct. 2576, 159 459 (2004) (quoting *Ex parte Fahey*, 258, 259–60, 67 S.Ct. 1558, 91 L.E (1947)); *see also In re The City of Na* 607 F.3d 923, 932–33 (2d Cir.2010) ating requirements for the writ).

11. *See* Fed. R.App. P. 21; *see, e.g. U Exch. Comm'n v. Citigroup Global M* 673 F.3d 158, 169 (2d Cir.2012) (a counsel to represent Judge Jed S. Ra mandamus proceeding); *In re Austri man Holocaust Litig.*, 250 F.3d 156 Cir.2001) (acknowledging that the Circuit properly invited Judge Shir to respond through counsel to mand titions).

12. In somewhat similar circumsta then-Chief Judge of the Central California, Manuel L. Real, refuse sign, pursuant to mandate of the cuit, a case over which he had bee Instead, he directed the partie whether the Ninth Circuit had th reassign cases. *See Brown v. Bade* 573, 576 (9th Cir.1987). The N then issued a writ of mandamu reassignment, explaining that "I