RECEIVED
2014 JAN 21 AM 9: 18
CLERK'S OFFICE
U.S. COURT OF APPEALS

13-3123, 13-3088

**ERRATA** for *In Re Reassignment of Cases*, 736 F.3d 118 (2d Cir. 2013)

| **Page** | **Line** | **Delete** | **Insert** |
|---|---|---|---|
| 119 | caption | party names | replace with caption on page titled "Attachment p. 1" |
| 119 | column 1, line 15 (Before "Holding:") | Holding: The Court of Appeals held that disqualification of district court judge was required. Motion granted. | Holding: The Court of Appeals held that the motion for a stay was granted, and disqualification of district judge was required. |
| 121 | before "Present: John M. Walker, Jr." | | add text listing parties' counsel, from page titled "Attachment p. 2" |
| 122 | Note 5, line 1 | et al. (both instances of it) | |
| 122 | Note 6, line 1 | et al. (both instances of it) | |
| 122 | Note 7, line 1 | et al. (both instances of it) | |
| 123 | Note 8, line 1 | et al. (both instances of it) | |
| 126 | Note 17, column 2, line 9 | this case | these cases |

| 122 | Note 6, line 1 | et al. (both instances of it) | |
|---|---|---|---|
| 129 | Note 31, line 9 | defendants | defendant's |

Copies have been sent by chambers to:

___X___ Panel Members
___X___ West Publishing
___X___ Clerk

So ordered:

José A. Cabranes
U.S. Circuit Judge
Jan. 20, 2014

ATTACHMENT P. 1
ERRATA FOR 736 F.3d 118 (2d Cir. 2013)

**In Re Reassignment of Cases**

Jaenean Ligon, individually and on behalf of her minor son, J.G., Fawn Bracy, individually and on behalf of her minor son, W.B., Jacqueline Yates, individually and on behalf of a class of all others similarly situated, Letitia Ledan, individually and on behalf of a class of all others similarly situated, Roshea Johnson, individually and on behalf of a class of all others similarly situated, Kieron Johnson, individually and on behalf of a class of all others similarly situated, Jovan Jefferson, individually and on behalf of a class of all others similarly situated, A.O., by his parent Dinah Adames, Abdullah Turner, individually and on behalf of a class of all others similarly situated, Fernando Moronta, individually and on behalf of a class of all others similarly situated, Charles Bradley, individually and on behalf of a class of all others similarly situated,
*Plaintiffs-Appellees,*

- v. -

City of New York, Raymond W. Kelly, Commissioner of the New York City Police Department, Police Officer Johnny Blasini, Police Officer Gregory Lomangino, Police Officer Joseph Koch, Police Officer Kieron Ramdeen, Joseph Bermudez, Police Officer Miguel Santiago, Police Officers John Does, 1-12,
*Defendants-Appellants,*

Captains' Endowment Association of New York, Detectives Endowment Association, Police Department, City of New York, Inc., Lieutenants Benevolent Association of the City of New York, Inc., Patrolmen's Benevolent Association of the City of New York, Inc.,
*Proposed Intervenors-Appellants.*

---

David Floyd, Lalit Clarkson, Deon Dennis, David Ourlicht, Individually and on behalf of all others similarly situated,
*Plaintiffs-Appellees,*

- v. -

City of New York,
*Defendant-Appellant,*

Sergeants Benevolent Association,
*Proposed Intervenor-Appellant,*

New York City Police Officer Rodriguez, in his official capacity, New York City Police Officer Goodman, in his official capacity, New York City Police Officer Salmerson, Shield #7116, in her official capacity, New York City Police Officer Pichardo, Shield #00794, in his official capacity, New York City Police Sergeant Kelly, Shield #92145, in his individual capacity, New York City Police Officer Joyce, Shield #31274, in his individual capacity, New York Police Officer Moran, in his individual capacity, New York City Police Officers John and Jane Does, New York City Police Officer Hernandez, Shield #15957, in his individual capacity, Michael Bloomberg, Mayor in his official capacity and individually, Raymond Kelly, Commissioner New York City Police, in his individual and official capacity,
*Defendants.*

ATTACHMENT P. 2
ERRATA FOR 736 F.3d 118 (2d Cir. 2013)

Alex B. Karteron, Christopher Thomas Dunn, Daniel Mullkoff, New York Civil Liberties Union, New York, NY; Juan Cartagena, Roberto Concepcion, Jr., Latino Justice, New York, NY; Michael Grunfel, John A. Nathanson, Jeffrey J. Resetarits, Shearman & Sterling LLP, New York, NY; Mariana Louise Kovel, The Bronx Defenders, New York, NY; J. McGregor Smyth, New York Lawyers for the Public Interest, New York NY, *for Jaenean Ligon, et al.*

Darius Charney, Sunita Patel, Center for Constitutional Rights, New York, NY; Jennifer Rolnick Borchetta, Jonathan Clifford Moore, Beldock Levine & Hoffman LLP, New York, NY; Eric Hellerman, Kasey Lynn Martini, Covington & Burling LLP, New York, NY, *for David Floyd, et al.*

Celeste L. Koeleveld, Deborah A. Brenner, Kathy H. Chang, Heidi Grossman, Fay Sue Ng, New York City Law Department, Michael A. Cardozo, Corporation Counsel, New York, NY, *for City of New York, et al.*

Anthony P. Coles, Courtney Gilligan Saleski, DLA Piper, Philadelphia, PA, New York, NY, *for Sergeants Benevolent Association.*

Steven A. Engel, Dechert LLP, Washington, D.C., Elisa Wiygul, Dechert LLP, Philadelphia, PA, *for Captains' Endowment Association of New York, Detectives Endowment Association, Police Department, City of New York, Inc., Lieutenants Benevolent Association of the City of New York, Inc., Patrolmen's Benevolent Association of the City of New York, Inc.*

Burt Neuborne, *for Movant Shira A. Scheindlin.*

p. 1 – Attachment / Replace with

mpt from the FDCP acting in its own nam ject to it merely or whose practices a in some respect.[8] T false name excepti ill become unpred until Congress de between creditors llection agencies t th abuse as to m der the FDCPA, co roviding for such lia ugh questionable i lse name exceptio t from the majori the district co judgment to The M FDCPA claim.

NMENT OF CAS

se element require e active involvemen by the creditor" native action" by Th aining Moss Codilis sending breach lette ttorney collection le Op. at 99. In othe discussion of this e se deception of a n debts while using another with the rd-party debt collec be acting as an a only sow confusion forward FDCPA p

Jaenean Ligon, et al., Plaintiffs–Appellees,

v.

City of New York, et al., Defendants–Appellants.

David Floyd, et al., Plaintiffs–Appellees,

v.

City of New York, et al., Defendants–Appellants.

Nos. 13–3123, 13–3088.

United States Court of Appeals, Second Circuit.

Nov. 13, 2013.

**Background:** African-American and Latino residents filed § 1983 actions alleging that city police department's stop and frisk policy violated their constitutional rights. The United States District Court for the Southern District of New York, Shira A. Scheindlin, J., — F.Supp.2d —, 2013 WL 4046217, granted residents' motion for injunctive relief. The same court, Scheindlin, J., — F.Supp.2d —, 2013 WL 225819, subsequently denied city's motion for stay pending its appeal of orders. City then moved in Court of Appeals to stay imposition of District Court's remedies.

**Holding:** The Court of Appeals held that disqualification of district court judge was required.

Motion granted.

1. Judges ⇐49(1)

United States Magistrates ⇐12.1

Statute providing that any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned embodies principle that to perform its high function in best way justice must satisfy appearance of justice. 28 U.S.C.A. § 455(a).

2. Judges ⇐40

United States Magistrates ⇐12.1

Goal of statute providing that any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned is to avoid not only partiality but also appearance of partiality. 28 U.S.C.A. § 455(a).

3. Judges ⇐49(1)

United States Magistrates ⇐12.1

Statute providing that any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned avoids not only partiality but also appearance of partiality by establishing objective standard designed to promote public confidence in impartiality of judicial process. 28 U.S.C.A. § 455(a).

4. Judges ⇐49(1)

United States Magistrates ⇐12.1

Statute providing that any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned functions as critical internal check to ensure just operation of judiciary. 28 U.S.C.A. § 455(a).

5. Judges ⇐49(1)

United States Magistrates ⇐12.1

If question of whether statute providing that any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned requires disqualification is close one, balance tips in favor of recusal. 28 U.S.C.A. § 455(a).

2)
s Magistrates ⟹12.1
e is no scienter requir
roviding that any justic
ate judge of the Unit
alify himself in any pr
his impartiality mig
estioned, test is not hi
s remarks to media to
hether, as result of inte
xtra-judicial statemen
partiality might reas
1. 28 U.S.C.A. § 455(

2)
g prohibits judge fr
o media, and while c
ew cannot predict w
iter will say, judges
s with news stories
nterviews run, risk
ay contribute to app
as would support
I.S.C.A. § 455(a).

)
public statements n
e with which they
it more likely that
ll interpret such
of bias, for recusa
§ 455(a).

⟹951.1
se on remand, app
d that facts migh
ctive observer to
ality, or absent pr
ring recusal, that
le to preserve a
U.S.C.A. § 455(a

⟹951.1
ere is reason to
udge would fair
edings on rema
r to reassign ca
partiality on p

Insert text from attachment p. 2

judge, appellate court considers not only whether judge could be expected to have difficulty putting aside his previously expressed views, but also whether reassignment is advisable to preserve appearance of justice; such decision does not imply any personal criticism of judge. 28 U.S.C.A. § 455(a).

16. Courts ⟹70

Reassigning case to different district court judge, while not an everyday occurrence, is not unusual in the Second Circuit, nor is reassigning case to different district court judge an unusual occurrence in sister circuits; indeed, reassignment is simply mechanism that allows courts to ensure that cases are decided by judges without even appearance of partiality. 28 U.S.C.A. § 455(a).

17. Courts ⟹70

Federal Courts ⟹951.1

There is no barrier to appellate court sua sponte reassigning cases due to questions regarding district judges' partiality. 28 U.S.C.A. § 455(a).

---

Present: JOHN M. WALKER, JR., JOSÉ A. CABRANES and BARRINGTON D. PARKER, Circuit Judges.

PER CURIAM.

These cases, motions of which were argued in tandem, deal with an issue of great significance: the constitutional boundaries of practices by the New York City Police Department ("NYPD") that subject citizens to being stopped and frisked. On August 12, 2013, Judge Shira A. Scheindlin, a long-serving and distinguished jurist of the United States District Court for the Southern District of New York, held that the City of New York ("the City") had violated the plaintiffs' Fourth and Fourteenth Amendment rights, and ordered the City to engage in a variety of remedial measures and activities.

On August 27, 2013, the City moved in the district court to stay those remedies, pending an appeal on the merits of the district court's decision. Judge Scheindlin denied the motions. On September 23, 2013, the City moved in this Court to stay the imposition of the district court's remedies. By order dated October 31, 2013, we both granted that stay and, because the appearance of impartiality had been compromised by certain statements made by Judge Scheindlin during proceedings in the district court and in media interviews, we reassigned the cases to a different district judge, to be chosen randomly.[1] We now explain the basis for that order, which is superseded by this opinion.[2]

BACKGROUND

We emphasize that the merits of this litigation are not before us and are not at issue here. Accordingly, we neither express nor intimate any views on the merits of the underlying actions. This opinion deals only with our procedural decision to direct the reassignment of the cases and turns on how the cases came before Judge

1. See Appendix A.

2. On November 8, 2013, Judge Scheindlin moved in this court, through counsel, for leave in the nature of an order under Rule 21(b)(4) of the Federal Rules of Appellate Procedure governing mandamus proceedings providing for appellate review of motions for judicial disqualification pursuant to 28 U.S.C. § 455, authorizing counsel to appear on behalf of the District Judge in order to address the factual and legal sufficiency of the Motion Panel's *sua sponte* order of removal." We address this motion by the district judge to appear in support of retaining authority over these cases in a separate opinion published contemporaneously with this one.

Scheindlin and the media interviews she gave during the pendency of these lawsuits.

For the sake of clarity, we recite the procedural history that has led us to this point. In January 2008, the plaintiffs in *Floyd* filed a class action alleging that the NYPD violated the Fourth and Fourteenth Amendments through a pattern and practice of stopping and frisking without reasonable suspicion. In March 2012, the plaintiffs in *Ligon* filed a class action alleging that the NYPD violated the Fourth Amendment by engaging in a practice of unlawfully stopping, frisking, and arresting persons for trespass because of their presence in or near buildings enrolled by their landlords in an NYPD crime prevention program known as the Trespass Affidavit Program ("TAP").

When filing, the plaintiffs in *Floyd* marked the case on the appropriate form as related to *Daniels v. City of New York*, No. 99–cv–1695, an earlier case over which Judge Scheindlin presided. Likewise, the plaintiffs in *Ligon* marked that case as related to *Davis v. City of New York*, No. 10–cv–699, over which Judge Scheindlin was also presiding.[3] Because *Daniels*, although terminated a month earlier, and *Davis* had been assigned to Jud[ge] Scheindlin, *Floyd* and *Ligon* were f[or]warded to her, pursuant to Rule 13 of [the] Local Rules for the Division of Busin[ess] Among District Judges,[4] and she accep[ted] them both as related cases.

In a decision dated January 8, 2013, [as] amended on February 14, 2013, Ju[dge] Scheindlin granted the *Ligon* plaint[iffs'] motion for a preliminary injunction, ho[ld]ing that they had "shown a clear likeli[hood] of proving that defendants have displa[yed] deliberate indifference toward a w[ide]spread practice of unconstitutional t[res]pass stops by the NYPD outside T[AP] buildings in the Bronx."[5] In a separ[ate] opinion, Judge Scheindlin granted the [de]fendants' motion to stay any remedies [until] after the "issuance of a final decision [re]garding the appropriate scope of preli[mi]nary injunctive relief, and the appropr[iate] scope of permanent injunctive relief [(if] any) in *Floyd*."[6]

On August 12, 2013, following a n[ine-]week trial in *Floyd*, Judge Scheindlin [held] that the City of New York violated [the] plaintiffs' rights under the Fourth Ame[nd]ment and the Equal Protection Clau[se of] the Fourteenth Amendment.[7] The

3. Prior to *Ligon* being filed, Judge Scheindlin had accepted *Davis* as related to *Floyd*, so in that sense, *Ligon* also descends directly from *Daniels* via *Floyd* and *Davis*.

4. In relevant part, Rule 13 provides:

(c) Assignment of cases and proceedings that are designated as related.

(i) Disclosure of contention of relatedness.

When a civil case is filed or removed or a bankruptcy appeal or motion to withdraw the reference of an adversary proceeding from the bankruptcy court is filed, the person filing or removing shall disclose on form JSC44C any contention of relatedness. A copy of that form shall be served with the complaint, notice of removal, appeal or motion.

(ii) Civil cases that are designated [as re]lated.

A case designated as related shall b[e for]warded to the judge before whom the [earli]er-filed case is then pending who ha[s] sole discretion to accept or reject the [case]. Cases rejected by the judge as not re[lated] shall be assigned by random selection.

5. *Ligon et al. v. City of New York et al.*, [—] F.Supp.2d 478, 485 (S.D.N.Y.2013).

6. *Ligon et al. v. City of New York et al.*, [No.] 12–cv–2274, 08–cv–1034, 2013 WL 227[...] *4 (S.D.N.Y. Jan. 22, 2013).

7. *See Floyd et al. v. City of New York et al.*, — F.Supp.2d —, No. 08–cv–1034, 201[3 WL] 4046209, at *7 (S.D.N.Y. Aug. 12, 2013).

Judge Sche[indlin] ... setting forth re[medies] ... *Floyd* and *Ligon* ... NYPD's use of s[top] ... ance with the ... Amendments.[8] ... On August 1[6] ... both cases filed ... court. On Aug[ust] ... New York move[d to] stay the remedi[es] pending the out[come] ... cess. On Sept[ember] ... Scheindlin denie[d] ... On September 2[...] this court to sta[y] ... gust 12, 2013 re[medies] ...

Following oral ... October 31, 201[3] ... Court's January ... der," as well as th[e] ... ity Opinion' and ... of which may ... causing actions ... or designees of th[e] ... ing restraints ag[...] ... wise would be ta[ken] ... panel also conclu[ded] ... and appearance ... ministration of ju[stice] ... these cases shall ... District Judge ... established prac[tice] ... for the Souther[n] ... This newly-desi[gnated] ...

8. *See Floyd et a[l.]* ... F.Supp.2d — ... 2274, 2013 WL ... 2013).

[9.] *Id.* at *13.

[10.] *See* Append[ix] ...

[11.] *In re Mur[chison]* ... S.Ct. 623, 99 ... tation marks ...



been assigned to Jud
*Floyd* and *Ligon* were fi
er, pursuant to Rule 13 of t
for the Division of Busin
rict Judges,[4] and she accep
s related cases.

ion dated January 8, 2013,
n February 14, 2013, Ju
granted the *Ligon* plain
a preliminary injunction, b
y had "shown a clear likeli
that defendants have displ
indifference toward a
ictice of unconstitutional
by the NYPD outside
n the Bronx."[5] In a sep
dge Scheindlin granted th
notion to stay any remedies
issuance of a final decisio
ie appropriate scope of pr
ctive relief, and the approj
permanent injunctive reli
oyd."[6]

gust 12, 2013, following a
in *Floyd*, Judge Scheindli
City of New York violate
rights under the Fourth A
the Equal Protection Cla
teenth Amendment.[7] The

day, Judge Scheindlin issued an opinion setting forth remedial measures in both *Floyd* and *Ligon*[8] intended to bring the NYPD's use of stop-and-frisk into compliance with the Fourth and Fourteenth Amendments.[9]

On August 16, 2013, the defendants in both cases filed notices of appeal in this Court. On August 27, 2013, the City of New York moved in the district court to stay the remedies in *Floyd* and *Ligon*, pending the outcome of the appeals process. On September 17, 2013, Judge Scheindlin denied the City's stay motions. On September 23, 2013, the City moved in this court to stay the district court's August 12, 2013 remedies order.

Following oral argument, this panel, on October 31, 2013, stayed, "the District Court's January 8, 2013 'Opinion and Order,' as well as the August 12, 2013 'Liability Opinion' and 'Remedies Opinion,' each of which may or will have the effect of causing actions to be taken by defendants, designees of the District Court, or causing restraints against actions that otherwise would be taken by defendants." This panel also concluded "that, in the interest, and appearance, of fair and impartial administration of justice, UPON REMAND, these cases shall be assigned to a different District Judge, chosen randomly under the established practices of the District Court for the Southern District of New York. This newly-designated District Judge shall implement this Court's mandate staying all proceedings and otherwise await further action by the Court of Appeals on the merits of the ongoing appeals."[10] We now explain in greater detail the basis for our decision to reassign the cases.

## DISCUSSION

[1] Title 28, United States Code, section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This statute embodies the principle that "to perform its high function in the best way justice must satisfy the appearance of justice."[11]

[2–5] The goal of section 455(a) is to avoid not only partiality but also the appearance of partiality.[12] The section does so by establishing an "objective standard 'designed to promote public confidence in the impartiality of the judicial process.'"[13] The rule functions as a critical internal check to ensure the just operation of the judiciary. Our Court, sitting *en banc*, has stated that there exists "unusual circumstances where both for the judge's sake and the appearance of justice, an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality."[14] And as other circuits have correctly noted, "'if the question of whether § 455(a) re-

Civil cases that are designate
ise designated as related shal
d to the judge before whom t
d case is then pending who
iscretion to accept or reject t
rejected by the judge as no
be assigned by random selecti

et al. v. City of New York et
2d 478, 485 (S.D.N.Y.2013).

et al. v. City of New York et
2274, 08–cv–1034, 2013 WL 2
.N.Y. Jan. 22, 2013).

loyd et al. v. City of New York
2d ——, No. 08–cv–1034,
9, at *7 (S.D.N.Y. Aug. 12, 20

See Floyd et al. v. City of New York et al., — Supp.2d ——, Nos. 08–cv–1034, 12–cv–74, 2013 WL 4046217 (S.D.N.Y. Aug. 12, 2013).

Id. at *13.

See Appendix A, at 3.

In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) (internal quotation marks omitted).

12. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

13. *SEC v. Drexel Burnham Lambert Inc. (In re Drexel Burnham Lambert Inc.)*, 861 F.2d 1307, 1313 (2d Cir.1988) (quoting H.R.Rep. No. 1453, *reprinted in* 1974 U.S.C.C.A.N. 6351, 6354–55).

14. *United States v. Robin*, 553 F.2d 8, 9–10 (2d Cir.1977) (en banc) (internal quotation marks and citations omitted).

claim, suggested that such a claim could be viable and would likely entitle the plaintiffs to documents they sought, and advised the party to designate it as a related case so that the case would be assigned to her.[17]

B.

[7–11] This appearance of partiality by Judge Scheindlin at the *Daniels* hearing was exacerbated as a result of interviews she gave to the news media during the course of the *Floyd* litigation. Cases involving public comment by a presiding judge, other than statements in open court, are infrequent. As the First Circuit has remarked, "[j]udges are generally loath to discuss pending proceedings with the media."[18] Of course, not every media comment made by a judge is necessar[y] grounds for recusal.[19] We note that Jud[ge] Scheindlin did not specifically mention t[he] *Floyd* or *Ligon* cases in her media inte[r]views. However, a judge's statements [to] the media may nevertheless undermine [a] judge's appearance of impartiality with [re]spect to a pending proceeding, even if [a] judge refrains from specifically identify[ing] that proceeding in his remarks to the [me]dia. Because context is always critical, [the] relevant question at all times rem[ains] whether, under the circumstances take[n as] a whole, a judge's impartiality may rea[son]ably be called into question.[20] Bec[ause] there is no *scienter* requirement in se[ction] 455,[21] the test is not how a judge inte[nds] his remarks to be understood, but wh[...]

17. The designation by parties, and acceptance by district judges, of cases as related to other pending matters pursuant to Rule 13 of the Local Rules for the Division of Business Among District Judges, is a routine practice that promotes judicial efficiency and economy. Our decision in this opinion should not be construed as casting doubt on the proper designation and acceptance of cases as "related" in the normal course—that is, when a district judge does not invite the filing of a suit and encourage its direction to their Court. We also note that, for civil matters, the Rule explicitly anticipates cases being marked as related to "earlier-filed case[s] ... then pending." *see* Rule 13(c), which is "designed to reduce litigants' costs by informally consolidating proceedings in related cases." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 347 (2d Cir.1995). Here, at the time *Floyd* was filed in January 2008, *Daniels*, to which it was accepted as "related," was closed.

Judge Scheindlin's motion, the subject of the separate opinion we file today, contends that the "District Court's recognition that judicial economy would be served by the invocation of the related case doctrine codified in Local Rule 13 is analogous to the decision of the Motion Panel to issue an order retaining jurisdiction over the appeal herein in the name of judicial economy." To be sure, both Local Rule 13 dealing with related cases in the district court, and the practice in this court by which a motion panel may cho[ose to] hear the appeal on the merits, are desig[ned to] conserve judicial resources. However, [...] court of appeals, because *the case is the case and not just a related case*, and no [...] is involved with the decision, there can[not be] forum-shopping.

In any event, the gravamen of wh[y reas]signment of this case is necessary is n[ot sim]ply the use of Local Rule 13. It is the a[ppear]ance of partiality that was created by [Judge] Scheindlin's conduct throughout the D[ecem]ber 21, 2007 hearing in suggesting th[at] plaintiffs bring a lawsuit, outlining th[e basis] for the suit, intimating her view of its [merits], stating how she would rule on the pl[aintiffs'] document request in that suit, *and* tell[ing] plaintiffs that she would take it as a [related] case, as well as the media interviews [given] during the *Floyd* proceedings.

18. *In re Boston's Children First*, 244 [F.3d] 169.

19. *See, e.g., United States v. Fortier*, 2[42 F.3d] 1224, 1229–30 (10th Cir.2001) (super[seded by] statute on other grounds); *In re Ba[rry]*, [946] F.2d 913, 914 (D.C.Cir.1991).

20. *See United States v. Amico*, 486 F[.3d 764,] 775 (2d Cir.2007).

21. *See Liljeberg*, 486 U.S. at 859, [108 S.Ct.] 2194.

a judge could be expected | y putting aside his previous ews, but also whether rea dvisable to preserve the justice."[26] Such a decisi ply any personal criticism ge,"[27] and none is intend d, for example, in Uni ttrone, we ordered reass "portions of the transc oncern that certain comme wed as rising beyond m r annoyance? even tho "evidence that the trial ju appropriate statements riously doubt his impart

signing a case to a diffe while not an everyday not unusual in this Circ igning a case to a diffe an unusual occurrence in s.[30] Indeed, as noted in

3d 55, 59 (2d Cir.2008); timan, 503 F.3d 212, 21 rmstrong v. Cuccione, 470 ir.2006); Chase Manhattan ral Ins. Co., 343 F.3d 120, r; Haekler Prods., Inc. v. 36, 146 (2d Cir.2000); illa, 186 F.3d 136, 143 ( iew of the district judge ularly regarding Padilla's arance of justice would b reassignment."); Addition that in none of these case istrict judge afforded "an heard" prior to the disqu the Court of Appeals, mu ted district judge ever the appellate proceedi strict judge's decisions.

nited States v. Clawson, 6 Cir.2011); John v. Coe -65 (6th Cir.2010); In re 3d 661, 666 (7th Cir.201 erson would fail to per k that the judge's ruling influenced by his unrea the prosecutors."); M

accompanying opinion, reassignment is simply a mechanism that allows the courts to ensure that cases are decided by judges without even an *appearance* of partiality.

[17] Although the possible recusal of Judge Scheindlin was not raised either by the parties or the judge herself in the district court or this court, there is no barrier to our reassigning the cases *nostra sponte*. Indeed, in numerous cases in recent years, we have found it appropriate to reassign a case without the issue having been raised or briefed by the parties or considered by the district judge.[31] To be sure, in the usual case, "a federal appellate court does not consider an issue not passed upon below."[32] But as Justice Black, writing for the unanimous Supreme Court, recognized more than seventy years ago, "[t]here may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court below."[33] More recently, Justice Souter, writing for the Court, reaffirmed that when an appellate court may consider a legal issue not raised below is a "matter 'left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases,'"[34] and we recently reaffirmed the same principle.[35] Given the importance of maintaining the judiciary's appearance of impartiality, we think that it is well within our discretion to order reassignment in these cases.

## CONCLUSION

This opinion explains the basis for our order of October 31, 2013, directing the reassignment of these cases to a randomly selected district judge and supersedes that order. To reiterate, we have made no findings that Judge Scheindlin has engaged in judicial misconduct. We conclude only that, based on her conduct at the December 21, 2007 hearing and in giving the interviews to the news media in May 2013, Judge Scheindlin's appearance of impartiality may reasonably be questioned within the meaning of 28 U.S.C. § 455 and that "reassignment is advisable to pre-

Corp., 253 F.3d at 107–117; *In re Boston's Children First*, 244 F.3d at 164; *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir.1996) (stating that courts of appeals in the first instance are empowered to reassign cases where, under 28 U.S.C. § 455(a), the district judge's "impartiality might reasonable be questioned"); *United States v. Cooley*, 1 F.3d 985, 992–96 (10th Cir.1993); *In re School Asbestos Litig.*, 977 F.2d 764, 798 (3d Cir. 1992); *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir.1989) ("We have the authority to order reassignment of a criminal case to another district judge as part of our supervisory authority over the district courts of this Circuit."); *Brown v. Baden*, 815 F.2d 575, 575 (9th Cir.1987); *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1120 (5th Cir.1980).

31. See, e.g., *Steppello*, 664 F.3d at 367; *Cullen v. United States*, 194 F.3d 401, 408 (2d Cir. 1999); *Londono*, 100 F.3d at 242 (abrogated by statute on other grounds); *Sobel v. Yeshiva Univ.*, 839 F.2d 18, 37 (2d Cir.1988); *see also United States v. Awadallah*, 436 F.3d 125, 135 (2d Cir.2006) (noting that in some reassignment cases, the reassignment has been "initiated *sua sponte* by the court on the defendants behalf").

32. *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

33. *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037 (1941).

34. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (quoting *Singleton*, 428 U.S. at 121, 96 S.Ct. 2868).

35. *See United States v. Sum of $185,336.07 United States Currency Seized from Citizen's Bank Account L7N01967*, 731 F.3d 189, 195 n. 6 (2d Cir.2013).